IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARL ANTHONY GRIMES, ANTONIO GRIMES, and ANGELINA GRIMES,

Plaintiffs,

v.

ALAMEDA COUNTY SOCIAL SERVICES, *et al.*,

Defendants.

No. C 11-02977 WHA

**ORDER DISMISSING ACTION FOR LACK OF SUBJECT-MATTER JURISDICTION**

**INTRODUCTION**

This action challenges the termination of plaintiff's parental rights. This order dismisses the action for lack of subject-matter jurisdiction.

**STATEMENT**

Plaintiff Carl Anthony Grimes, who is proceeding *pro se*, purports to bring this action on behalf of himself and his two minor children. His amended complaint, which was filed in June 2011, is currently operative. The caption names "ALAMEDA COUNTY SOCIAL SERVICES/CHILDREN AND FAMILY SERVICES" as defendants, and the pleading itself identifies eleven individuals as defendants: six employees of the Alameda County Department of Children and Family Services, four therapists, and one attorney. Plaintiff alleges that defendants "us[ed] unconstitutional laws in Juvenile Court to rip [his] children away from their loving parents!" (Amd. Compl. 11). Documents pertaining to the relevant dependency action in the

Hayward Juvenile Court division of the California Superior Court for the County of Alameda are attached to the amended complaint.

To the extent plaintiff's factual allegations are organized, they are organized by defendant, and their chronology is impossible to discern. The primary factual bases for the action appear to be the allegations that "Social Services removed my children from my home and care in violation of my and my children's constitutional amendments rights, Social Services refuse to return my children to my custody, Terminated my Parental rights, [and] placed my children for adoption in violation of my children's amendments rights" [*sic*] (Amd. Compl. 5). Plaintiff also alleges that the "reunification services" he received in conjunction with those proceedings "were unfair" in several respects (*id.* at 6).

The operative complaint asserts seven claims for relief, each of which purports to identify an alleged act that violated the Fourth and Fourteenth Amendments to the United States Constitution and Title VII of the Civil Rights Act. Those alleged acts were as follows: (1) the termination of plaintiff's parental rights to Angelina Grimes; (2) the termination of plaintiff's parental rights to Antonio Grimes; (3) the removal of plaintiff's children from his home without a warrant; (4) the detention of plaintiff's children "FOR NO VALID REASON"; (5) the use of plaintiff's arrest record as a reason not to return his children "in the absence of any conviction!"; (6) the provision of "unfair reunification services, denying the father court order unsupervised visitation!" [*sic*]; and (7) the refusal "to return the Children to their parents after completing reunification Services" [*sic*] (*id.* at 12). The relief sought is "returning my children to my custody" and "3.5 million and punitive damages regarding time separated from my children, emotional distress and pain and suffering" (*id.* at 13).

Six motions to dismiss the complaint by six different defendants or groups of defendants are pending. Plaintiff has filed ten memoranda opposing those motions. Many of the movants have filed reply memoranda. This order follows consideration of all relevant briefing.

## ANALYSIS

The Rooker-Feldman doctrine recognizes that federal district courts lack jurisdiction to review alleged errors in state-court decisions. A federal court may not exercise jurisdiction over

2

"cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

This jurisdictional bar extends to actions that are *de facto* appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Such claims are barred "even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900–01 n.4 (9th Cir. 2003).

Plaintiff's claims in this action are barred by the Rooker-Feldman doctrine. Although the operative complaint facially asserts constitutional claims, its substance challenges the state court's termination of plaintiff's parental rights. Plaintiff seeks an order undercutting that decision and related decisions by the state court. This district court lacks jurisdiction to review those state-court decisions.

The documents attached to the operative complaint show that the relevant dependency petition was filed with the Hayward Juvenile Court division of the Alameda County Court in October 2008. Following that petition, the state juvenile court assumed exclusive jurisdiction over custody and visitation of the children. CAL. WELF. & INST. CODE § 304; *In re William T.*, 172 Cal. App. 3d 790, 797–98 (1985). In California, termination of parental rights is carried out by order of a state juvenile court after specific factual findings are made, including a finding that reasonable reunification services were provided. CAL. WELF. & INST. CODE § 366.26; *Angela S. v. Superior Court of Mendocino Cnty.*, 36 Cal. App. 4th 758, 762 (1995). Thus, resolving plaintiff's claims regarding the termination of his parental rights, the fairness of his reunification

services, and the removal of his children from his home would require reviewing the state juvenile court's decisions in those matters. This district court lacks jurisdiction to undertake such a review.

In opposing the motions to dismiss, plaintiff largely argues the merits of his case. Regarding the jurisdictional issue, plaintiff states in one opposition brief: "I amended my complaint July 5 2011, I'm not asking the Federal Court to return my children. Plaintiff being aware of Federal Courts cannot review State Court rulings [Rooker-Feldman]" [*sic*] (Dkt. No. 31 at 6). Many of plaintiff's other opposition briefs contain the same argument, with only slight variation in the wording. Plaintiff emphasizes that he "is seeking an award for civil rights violations" (Dkt. No. 44 at 4; Dkt. No. 45 at 3; Dkt. No. 54 at 2–3; Dkt. No. 60 at 2–4; Dkt. No. 66 at 2–4; Dkt. No. 82 at 2).

Plaintiff's July 2011 motion for leave to file a second amended complaint was never granted, and his proposed second amended complaint was never filed (Dkt. No. 18). The motion was terminated upon reassignment of the action to the undersigned judge, and plaintiff never re-noticed the motion for a hearing. Regardless of whether plaintiff's amended complaint or proposed second amended compliant is consulted, however, plaintiff *is* asking the federal court to return his children. Both versions of the complaint contain the exact same request for relief: "I pray the Court Grants relief returning my children to my custody and awards 3.5 million and punitive damages regarding time separated from my children, emotional distress and pain and suffering as punishment for the defendants intentional, malicious, discriminatory behavior. Note: Request for attorney's fees for the litigation of this suite" [*sic*] (Dkt. Nos. 4, 18). Plaintiff plainly seeks an order "returning my children to my custody," which would require overturning the state-court order that terminated his parental rights.

Even if plaintiff were to abandon his request for the return of his children and instead pursue only money damages, his claims still would require review of the relevant state-court decisions. Such review is barred. Even though plaintiff nominally asserts claims for alleged civil rights violations, his pleading is *de facto* an improper collateral attack on unfavorable state-court rulings. *See Bianchi*, 334 F.3d at 900–01 n.4.

4

Plaintiff makes no other argument concerning the jurisdictional issue. This order finds that this district court lacks jurisdiction to hear plaintiff's claims because doing so would require reviewing state-court decisions. If plaintiff disagrees with decisions made by the state juvenile court, then the proper recourse is appeal within the state court system — not collateral attack via a federal court action.

**CONCLUSION**

For the foregoing reasons, this action is **DISMISSED** for lack of subject-matter jurisdiction. Because amendment of the pleadings would not cure the jurisdictional defect, leave to amend will not be allowed. All hearings calendared for this matter are **VACATED**. The Clerk **SHALL CLOSE THE FILE**. If plaintiff disagrees with decisions made by the state court, then the proper recourse is appeal within the state court system — not collateral attack via a federal court action.

**IT IS SO ORDERED.**

Dated: October 18, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE